■ BEATRICE ENGSTRAND, Respondent, et al., Plaintiff, v EUGENE FRIEDMAN, Appellant.

Defendant operated on respondent in May 1979 to remove a lesion from the area of her palate. He removed a mucoepidermoid carcinoma which occupied and penetrated bone in her palate, and which went to the floor of the nose and the soft

palate. In July 1979, respondent changed doctors and became the patient of Dr. Rankow and, following the discovery of a recurrence of the carcinoma, Dr. Rankow, who did not testify at trial, performed a radical hemimaxillectomy in October 1980. Respondent's claim against defendant was premised on the theories that defendant failed to adequately prepare for the surgery in advance in order to ascertain exactly what he was cutting into, and he terminated the surgery while there was still an indication that tumor remained in the margin which defendant had cut. A recurrence of the tumor therefore became inevitable, and ultimately caused the radical surgery which occurred approximately 17 months later. This appeal follows a jury verdict and an award of damages in respondent's favor. We now reverse the award of damages and remit the matter for a new trial limited solely to the issue of damages.

A careful review of the record compels us to conclude that respondent failed to establish by a preponderance of the evidence that defendant's malpractice resulted in the necessity for radical surgery. This is because there is no testimony in the record to indicate the extent to which properly performed surgery by defendant in 1979 would have been less radical than the radical surgery performed on respondent in October 1980. We note that respondent's own expert, Dr. Barlow, testified that once tumor invades bone, which was the situation here, a cure will not be effected unless there is a very wide margin cut around the tumor. The tumor discovered by defendant had already invaded the floor of the nose. There was also testimony, including testimony from Dr. Barlow, that the operation which was performed by defendant did not affect the spread of any residual cancer cells left behind. In short, it would require pure conjecture for a jury or this court to determine exactly what surgery, short of a radical hemimaxillectomy, should have been performed to constitute a proper operation by defendant. The general testimony of respondent's witnesses that mucoepidermoid tumors always spread and that more radical surgery is always required for a recurring tumor fails to fill the gap in respondent's inadequate chain of evidence. Accordingly, we have no alternative but to vacate the award of damages.

The record does establish, however, that had defendant not been negligent, the May 1979 surgery, no matter how radical, would have spared respondent the necessity of undergoing a second operation in October 1980. Respondent was damaged by defendant's malpractice because she was forced to undergo two surgeries, rather than a single, properly performed surgery. The pleadings are therefore amended to conform to the evidence

(CPLR 3025 [c]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025.17, p 488). The amendment does not prejudice defendant, who had a fair opportunity to defend the action.

Accordingly, a new trial is required on the issue of damages to ascertain the compensation due respondent for the pain and suffering encompassed by her being required to undergo a second operation. Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.